IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **CINDY SMITH,**   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | No. |
| ) | |
| **MASTERBRANDS CABINETS, INC.**   ) | |
| ) | |
| Defendant.   ) | |

# COMPLAINT

NOW COMES the Plaintiff, CINDY SMITH, by her attorneys, LONDRIGAN, POTTER & RANDLE, P.C., and for her Complaint against the Defendant, MASTERBRANDS CABINETS, INC., the Plaintiff states as follows:

## JURISDICTION

This action arises under the Equal Employment Opportunity Act, 42 USC §2000e-5 and there is jurisdiction for this action under 28 U.S.C. §1343.

## GENERAL ALLEGATIONS

1. On or about May 18, 2001, Plaintiff, Cindy Smith (f.k.a. Cindy Heiman) ("SMITH") became an employee of Defendant, MASTERBRANDS Cabinets, Inc. ("MASTERBRANDS") in Arthur, Illinois.

2. At all times mentioned herein, MASTERBRANDS was an employer as defined by 42 U.S.C. §2000e with well over 50 employees.

3. At various times starting shortly after April 18, 2001 and continuing until

1

April 7, 2003, MASTERBRANDS, through its employees, engaged in a course of conduct of sex discrimination, sexual harassment and retaliatory conduct for SMITH's complaints of sexual discrimination and harassment. Among, but not limited to, the specific acts of sex discrimination, sexual harassment and retaliatory conduct directed towards SMITH were one or more the following incidents:

a) Supervisor, John Winchief, informed SMITH that she would not be permitted to run the new machinery acquired at work because she might break a fingernail and the machinery would be expensive to repair;

b) When employees were injured on the job, male employees were more likely to be taken off work and given light duty than female employees because Supervisor, John Winchief, informed SMITH that male employees were more valuable workers because they are cross-trained;

c) When SMITH was injured on the job, there were numerous instances in which she was not given the opportunity to perform light duty, whereas male employees in comparable situations were given light duty;

d) SMITH was not permitted to take the driving test to run a fork-truck despite her qualifications and previous experience, whereas similarly qualified male employees were able to do so;

e) MASTERBRANDS would cross-train male workers but not female workers;

f) SMITH was shoved, cursed at, called obscene names, had her bottom patted or hit with wooden parts and had her work stool thrown over a conveyer belt;

g) When SMITH complained to management at various times about instances of sexual discrimination and harassment, SMITH was threatened with being fired and was told that her accusations were false;

h) On one occasion, when SMITH complained of sexual discrimination and harassment, she was falsely accused by the Human Resources Manager, Matt Ohrt, of "preferring married men" and having left notes on a

      supervisor's automobile;

  i)     On another occasion when SMITH complained of sexual harassment to the Human Resource Manager, Matt Ohrt, SMITH was told "she would have to make things right with God".

4. As a direct and proximate result of these and other incidents of sexual harassment and discrimination. SMITH developed anxiety, post-traumatic stress disorder, major depression and had to go on leave of absence due to the sexual harassment and retaliation at work. SMITH was unable to return to work within a six (6) month period and then was terminated on November 5, 2003.

5. SMITH's termination was also a result of sexual discrimination and retaliation because although SMITH was informed that her termination was due to adoption of a new company policy, a male employee was permitted to be grandfathered in under the previous 1 year policy and had the opportunity to return to work at the end of the 1 year.

6. SMITH has previously submitted charges of discrimination to the State Department of Human Rights and Equal Employment Opportunity Commission on September 17, 2003 and August 31, 2004. *See* copies of attached charges.

7. SMITH received a right to sue letter on July 29, 2004. *See* copy attached.

WHEREFORE, Plaintiff, CINDY SMITH, respectfully prays that judgment be entered against the Defendant, MASTERBRANDS CABINETS, INC., as follows:

  a)     Declare that the above alleged acts of MASTERBRANDS constitute sexual harassment and discrimination in violation of Title VII of the Civil Rights

Act of 1964, a amended, 42 U.S.C. §2000 *et seq.*;

b) Direct MASTERBRANDS to expunge all derogatory information from SMITH's personnel file which resulted from the discriminatory and retaliatory acts of MASTERBRANDS;

c) Award compensatory damages for all discriminatory and retaliatory acts, including wages lost, and loss of employment opportunities for future pay and advancement equal to the amount SMITH would have earned but for the discriminatory acts of MASTERBRANDS in an amount to be determined at trial;

d) Award damages for SMITH's psychological damages and medical bills in an amount to be determined at trial;

e) Award punitive damages in an amount to be determined at trial;

f) Award reasonable attorneys' fees and costs;

g) Award other just and equitable relief as the Court deems fit.

PLAINTIFF DEMANDS TRIAL BY JURY.

Cindy Smith, Plaintiff,

By:     s/ Alexandra de Saint Phalle
ALEXANDRA de SAINT PHALLE,
Attorney Bar #: 0620815
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62703
Telephone: (217) 544-9823
Facsimile: (217) 544-9826
alex@lprpc.com