UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CINDY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-2215 |
| | ) |
| MASTERBRANDS CABINETS, INC., | ) |
| | ) |
| Defendant. | ) |

### ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, MasterBrand Cabinets, Inc. ("MBCI"), incorrectly named as MasterBrands Cabinets, Inc., hereby files its Answer and Defenses to Plaintiff's Amended Complaint and states as follows:

### JURISDICTION

This action arises under the Equal Employment Opportunity Act, 42 USC §2000e-5 and there is jurisdiction for this action under 28 U.S.C. §1343.

**Response:** MBCI admits that Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and seeks to establish jurisdiction for this action under 28 U.S.C. §1343. MBCI denies that Plaintiff is entitled to any relief under Title VII.

### GENERAL ALLEGATIONS

**Complaint Paragraph No. 1:** On or about May 18, 2001, Plaintiff, Cindy Smith (f.k.a. Cindy Heiman) ("SMITH") became an employee of Defendant, MASTERBRANDS Cabinets, Inc. ('MASTERBRANDS") in Arthur Illinois.

**Response:** MBCI admits the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

**Complaint Paragraph No. 2:** At all times mentioned herein, MASTERBRANDS was an employer as defined by 42 U.S.C. §2000e with well over 50 employees.

**Response:** MBCI admits that it is an employer as defined in 42 U.S.C. § 2000e(b) and that it employs over 50 employees.

**Complaint Paragraph No. 3:** At various times starting shortly after May 18, 2001 and continuing until April 7, 2003, MASTERBRANDS, through its employees, engaged in a course of conduct of sex discrimination, sexual harassment and retaliatory conduct for SMITH's complaints of sexual discrimination and harassment. Among, but not limited to, the specific acts of sex discrimination, sexual harassment and retaliatory conduct directed towards SMITH were one or more the following incidents:

a) Supervisor, John Winchief, informed SMITH that she would not be permitted to run the new machinery acquired at work because she might break a fingernail and the machinery would be expensive to repair;

b) When employees were injured on the job, male employees were more likely to be taken off work and given light duty than female employees because Supervisor, John Winchief, informed SMITH that male employees were more valuable workers because they are cross-trained;

c) When SMITH was injured on the job, there were numerous instances in which she was not given the opportunity to perform light duty, whereas male employees in comparable situations were given light duty;

d) SMITH was not permitted to take the driving test to run a fork-truck despite her qualifications and previous experience, whereas similarly qualified male employees were able to do so;

e) MASTERBRANDS would cross-train male workers but not female workers;

f) SMITH was shoved, cursed at, called obscene names, had her bottom patted or hit with wooden parts and had her work stool thrown over a conveyer belt;

    g)    When SMITH complained to management at various times about instances of sexual discrimination and harassment, SMITH was threatened with being fired and was told that her accusations were false;

    h)    On one occasion, when SMITH complained of sexual discrimination and harassment, she was falsely accused by the Human Resources Manager, Matt Ohrt, of "preferring married men" and having left notes on a supervisor's automobile;

    i)    On another occasion when SMITH complained of sexual harassment to the Human Resource Manager, Matt Ohrt, SMITH was told "she would have to make things right with God".

**Response:** MBCI denies Plaintiff was subjected to sex discrimination, sexual harassment or retaliation at any time during her employment with the company.

    a)    MBCI denies the allegations contained in Plaintiff's Amended Complaint Paragraph 3(a).

    b)    MBCI denies the allegations contained in Plaintiff's Amended Complaint Paragraph 3(b).

    c)    MBCI denies the allegations contained in Plaintiff's Amended Complaint Paragraph 3(c).

    d)    MBCI denies the allegations contained in Plaintiff's Amended Complaint Paragraph 3(d).

    e)    MBCI denies the allegations contained in Plaintiff's Amended Complaint Paragraph 3(e).

    f)    MBCI denies the allegations contained in Plaintiff's Amended Complaint Paragraph 3(f).

    g)    MBCI denies the allegations contained in Plaintiff's Amended Complaint Paragraph 3(g).

    h)    MBCI denies the allegations contained in Plaintiff's Amended Complaint Paragraph 3(h).

    i)    MBCI denies the allegations contained in Plaintiff's Amended Complaint Paragraph 3(i).

**Complaint Paragraph No. 4:** As a direct and proximate result of these and other incidents of sexual harassment and discrimination, SMITH developed anxiety, post-

traumatic stress disorder, major depression and had to go on leave of absence due to the sexual harassment and retaliation at work. SMITH was unable to return to work within a six (6) month period and then was terminated on November 5, 2003.

**Response:** MBCI denies Plaintiff was subjected to sexual harassment and/or discrimination during her employment or that she developed anxiety, post-traumatic stress disorder or major depression as a result of sexual harassment and/or discrimination at MBCI. MBCI is without sufficient information to admit or deny the allegation that Plaintiff developed anxiety, post-traumatic stress disorder or major depression and therefore denies the same. MBCI admits that Smith was provided with a leave of absence, that she exhausted all available leave time and consequently that her employment was terminated in November 2003. MBCI denies the remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

**Complaint Paragraph No. 5:** SMITH's termination was also a result of sexual discrimination and retaliation because although SMITH was informed that her termination was due to adoption of a new company policy, a male employee was permitted to be grandfathered in under the previous 1 year policy and had the opportunity to return to work at the end of the 1 year.

**Response:** MBCI denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

**Complaint Paragraph No. 6:** SMITH has previously submitted charges of discrimination to the State Department of Human Rights and Equal Employment Opportunity Commission on September 17, 2003 and August 31, 2004. *See* copies of attached charges.

**Response:** MBCI admits that Plaintiff filed a charge of discrimination with the EEOC on September 10, 2003 and again on August 31, 2004. MBCI denies the remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

**Complaint Paragraph No. 7:** SMITH received a right to sue letter on July 29, 2004. *See* copy attached.

**Response:** MBCI admits that the EEOC issued a Notice of Right to Sue on July 29, 2004, with respect to the September 2003 Charge. MBCI is without sufficient information to admit or deny when Plaintiff received that Right to Sue letter and therefore denies the same.

**Complaint Paragraph No. 8:** SMITH received an additional Right to Sue letter on December 22, 2004. *See* copy attached.

**Response:** MBCI admits that the EEOC issued a Notice of Right to Sue on December 20, 2004, with respect to the August 31, 2004, Charge. MBCI is without sufficient information to admit or deny when Plaintiff received that Right to Sue letter and therefore denies the same.

WHEREFORE, Defendant, MasterBrand Cabinets, Inc., denies that Plaintiff is entitled to any relief under her Amended Complaint or any of the allegations contained therein and respectfully requests that Plaintiff take nothing by way of her Amended Complaint, that this case be dismissed with prejudice, that the Court enter judgment in its favor and that Defendant receive all appropriate relief to which it may be justly entitled, including reasonable attorney fees.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails to state a claim under Title VII of the Civil Rights Act of 1964 for which relief can be granted.

2. MBCI exercised reasonable care to prevent and correct promptly any discriminatory conduct and behavior and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided to Plaintiff or otherwise to avoid harm.

3. All decisions and actions made or taken by MBCI with respect to Plaintiff's employment were based on legitimate non-discriminatory reasons and were undertaken in good faith, without any malice and without any intent to injure or harm Plaintiff and, therefore, were not violative of any law.

4. Plaintiff received equal or more favorable treatment than other similarly situated employees.

5. Plaintiff may have failed to mitigate her damages.

6. Plaintiff is not entitled to recover damages that are a consequence of her failure to mitigate.

7. Plaintiff is barred by her failure to exhaust administrative remedies from prosecuting any Title VII claims that were not within the scope of a charge timely filed with the EEOC.

8. Plaintiff is barred by her failure to exhaust administrative remedies from prosecuting Title VII claims based on events that occurred more than 300 days before she filed a charge with the EEOC.

9. MBCI is not liable for punitive damages to the extent any managerial agents made employment decisions that are contrary to MBCI's good faith efforts to comply with the law.

10. Plaintiff is not entitled to punitive damages because MBCI's actions were not malicious, egregious, in bad faith, or in willful or reckless disregard of any legal rights of the Plaintiff.

11. MBCI reserves the right to add, alter, and/or amend its list of affirmative and other defenses during the course of discovery.

WHEREFORE, Defendant, MasterBrand Cabinets, Inc., denies that Plaintiff is entitled to any relief under her Amended Complaint or any of the allegations contained therein and respectfully requests that Plaintiff take nothing by way of her Amended Complaint, that this case be dismissed with prejudice, that the Court enter judgment in its favor and that Defendant receive all appropriate relief to which it may be justly entitled, including reasonable attorney fees.

Respectfully submitted,

s/Kelley Bertoux Creveling
Mark J. Romaniuk (#15255-49)
Kelley Bertoux Creveling (#19309-49)

BAKER & DANIELS
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-0300
Fax: (317) 237-1000
Mark.Romaniuk@bakerd.com
Kelley.Creveling@bakerd.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 18th day of January, 2005, a copy of the foregoing Answer and Defenses to Plaintiff's Amended Complaint was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Alexandra de Saint Phalle
Londrigan, Potter & Randle, P.C.
1227 South Seventh Street
P.O. Box 399
Springfield, IL 62703
*Attorney for Plaintiff*

                                          s/Kelley Bertoux Creveling
                                          Baker & Daniels
                                          300 N. Meridian Street, Suite 2700
                                          Indianapolis, IN  46204
                                          Phone:  (317) 237-0300
                                          Fax:  (317) 237-1000
                                          E-mail:  Mark.Romaniuk@bakerd.com

INIMAN2 914283v1