IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CINDY SMITH, | ) |
| Plaintiff, | ) )  No. 04-2215 |
| MASTERBRANDS CABINETS, INC. | ) ) ) |
| Defendant. | ) |

### RESPONSE TO DEFENDANT'S MOTION & BRIEF IN SUPPORT OF BILL OF COSTS

NOW COMES the Plaintiff, CINDY SMITH, by her attorneys, LONDRIGAN, POTTER & RANDLE, P.C. and requests the Court to deny the Defendant's bill of costs for the following reasons:

A. **Financial Hardship**

Inability to pay costs is a proper factor to be considered by the trial court in exercising its discretion to grant or deny a motion to assess costs. ***Badillo v. Central Steel & Wire Co.,*** 717 F2d 1160, 1165 (7th Cir. 1983)  Cindy Smith has attached an affidavit indicating an inability to pay the Defendant's bill of costs.  She has no income of her own, is unable to be employed, and lives with her 74 year old husband in a trailer. Cindy was a factory worker making $11.75 per hour, employed by a company with more than 1000 employees.  The Seventh Circuit indicates that considerable latitude will be granted to the district court in exercising its discretion to weigh whether to impose costs on a losing plaintiff due to financial hardship.

> This court does not doubt the seriousness of the financial burden that the award of costs imposes upon Carr; indeed, in our discretion, we likely would have sought ways to overcome the presumption of awarding costs precisely to spare her this hardship. However, the decision to deny the motion to review taxation of costs falls within the sole discretion of the district court, and we hardly can say that its decision in the instant case amounts to an abuse of that discretion.

*Carr v. Wisconsin Department of Corrections*, 59 Fed. Appx. 865 (7th Cir. 2003)

Here, Plaintiff's affidavit amply indicates that imposing a bill of $2250 of costs would be a financial burden to her.

**B.    Defendant's Bill of Costs is excessive**

Even if the financial hardship alone were not reason enough to deny costs, Defendant's motion for costs is excessive. *Higbee v. Sentry,* 2004 WL 1323633 (N.D.Ill. 2004) (citing *Cengrr v. Fusibond Piping Systems, Inc.* 135 F.3d 445, 456 (7th Cir. 1998)) notes that the costs for deposition transcripts, even those transcribed by private reporters, are limited to the official rates allowed by the Judicial Conference of the United States. The official rates for court reporters in the Central District are $3.30/page for originals and $.83/page for copies. Costs for "appearance fees," delivery charges, ASCII disks, and copies of exhibits attached to the depositions are not permissible. *Higbee v. Sentry* at p.2  Applying these rules to the Defendant's bill of costs, it is apparent that the maximum allowable costs for each deposition claimed would be as follows:

| Date | Deponent | #pages | Allowable Charge | Total |
|---|---|---|---|---|
| 11/15/05 | Cindy Smith | 210 | $3.30 | $693.00 |
| 11/17/05 | Elizabeth Burns | 23 | $ .83 | $ 19.09 |
| 11/17/05 | Cheryl Doss | 143 | $ .83 | $118.69 |
| 11/17/05 | Matthew Ohrt | 88 | $ .83 | $ 73.04 |
| 11/17/05 | John Winschief | 79 | $ .83 | $ 65.57 |
| 11/21/05 | Cheryl Doss | 88 | $ .83 | $ 73.04 |
|  |  |  | **Total** | $1042.43 |

With regard to the cost of copies, the 7th Circuit's rule is that "copies necessarily obtained for use in the case" refers to materials actually prepared for use in presenting evidence to the court. ***McIlveen v. Stone Container,*** 910 F.2d 1581 (7th Cir. 1990) Here, the Defendant's motion for summary judgment was based on presentation of deposition testimony–not on the discovery documents requested and generated by the Defendant. Moreover, in its itemization of copying expenses from November 11, 2005 through April 12, 2006, the Defendant is seeking a total of $119.85 for copying expenses of summary judgment, motions and replies which were unnecessary because this court has switched to a paperless filing system. With electronic transmission, paper copies are no longer actually needed for presentation to the court.

The Plaintiff therefore respectfully request this court to exercise its discretion to deny the Defendant's Motion for Costs.

        **Cindy Smith, Plaintiff,**

By:      s/ Alexandra de Saint Phalle
ALEXANDRA de SAINT PHALLE,
Attorney Bar #: 0620815
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62703
Telephone: (217) 544-9823
Facsimile: (217) 544-9826
alex@lprpc.com

## PROOF OF SERVICE

I hereby certify that on July 11, 2006, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Kelley Bertoux Creveling
Baker & Daniels
300 N. Meridian Street, Su. 2700
Indianapolis, IN 46204
Kelley.Creveling@bakerd.com
(*Attorney for Defendant*)


By:  s/ Alexandra de Saint Phalle
ALEXANDRA de SAINT PHALLE
Bar Number: 0620815
Attorney for Defendants
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62703
Telephone: (217) 544-9823
alex@lprpc.com