UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| CINDY SMITH, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-CV-2215 |
| MASTERBRAND CABINETS, INC., ) | |
| Defendant. ) | |

## ORDER

On June 14, 2006, Defendant, Masterbrand Cabinets, Inc., filed a Bill of Costs (#41) and a Brief in Support (#42). Defendant later submitted a Bill of Costs on Form AO 133 (#44). Defendant sought costs from Plaintiff, Cindy Smith, in the amount of $2,250.20. On July 11, 2006, Plaintiff filed her Response to Defendant's request for costs (#47) and attached Plaintiff's affidavit. Plaintiff argued that Defendant's request for costs should be denied because she is indigent and financially unable to pay the costs sought. Plaintiff also argued that the costs sought were excessive. This court concludes that Plaintiff has shown that she is indigent and unable to pay costs in this case. Accordingly, Defendant's Bill of Costs (#44) is DENIED.

## BACKGROUND

On May 15, 2006, this court entered an Opinion (#39) and granted Defendant's Motion for Summary Judgment (#31). This court concluded that Defendant was entitled to judgment as a matter of law on Plaintiff's claims of sexual harassment, sex discrimination, and retaliation. Judgment was entered in favor of Defendant and against Plaintiff (#40). As noted, Defendant subsequently sought costs from Plaintiff in the amount of $2,250.20. Defendant included detailed documentation regarding the costs sought and a Brief in Support.

In her Response (#47), Plaintiff argued that this court should not award costs because of her inability to pay. In support of this argument, Plaintiff attached her affidavit. In her affidavit,

Plaintiff stated that she does not have the ability to pay the costs sought in this case and will not have the ability to pay in the foreseeable future. Plaintiff stated that she has been unable to work since she went on disability leave from her employment with Defendant on April 7, 2003. Plaintiff further stated that her physician, David Kopacz, M.D., has not released her to go back to work and she remains unable to work. Plaintiff stated that she owes approximately $15,000 for medical bills. Plaintiff stated that she has no income of her own and her only source of support is her husband, who is 74 years old and retired. Plaintiff stated that her husband's income is limited to a monthly pension he receives from the Illinois Teachers' Retirement Board. Plaintiff stated that their only savings account contains $1,083.51. Plaintiff further stated that she and her husband reside in a trailer in Windsor, Illinois, and recently acquired legal custody of a 7-year-old child they are supporting.

## ANALYSIS

Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The Seventh Circuit has interpreted this language as creating a strong presumption that the prevailing party will recover costs. See Mother & Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003). This presumption is difficult to overcome, and the court must award costs unless the losing party establishes a sufficient reason to deny costs. Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997); Washington v. Vill. of Riverside, Ill., 2003 WL 21789000, at *2 (N.D. Ill. 2003). "In general, a court may deny costs for two reasons: 1) the losing party is unable to pay; and 2) the prevailing party engaged in misconduct." Washington, 2003 WL 21789000, at *2, citing Weeks, 126 F.3d at 945.

A litigant claiming indigency must provide specific evidence establishing his or her indigency. McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994); Washington, 2003 WL 21789000, at *2. The party hoping to avoid costs must show actual indigence, and not simply that the party's

financial resources are limited. Corder v. Lucent Techs., Inc., 162 F.3d 924, 929 (7th Cir. 1998); Rao v. County of Cook, Ill., 2004 WL 856551, at *2 (N.D. Ill. 2004). It is not just a matter of being unable to presently pay the costs; it must be shown that the litigant is not likely to be able to pay the costs in the future. McGill, 18 F.3d at 459; Washington, 2003 WL 21789000, at *2. A showing of a large debt is not sufficient, by itself, to establish indigence to overcome a requested award of costs. See Sanglap v. LaSalle Bank, FSB, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002). Further, a showing of present unemployment, without any explanation of other possible sources of income, or assets, is not enough to establish indigence for purposes of avoiding costs. Rao, 2004 WL 856551, at *2; Jansen v. Packaging Corp. of Am., 1997 WL 583063, at *2 (N.D. Ill. 1997). Moreover, even if a litigant is indigent, costs are not automatically waived and may still be awarded at the court's discretion. McGill, 18 F.3d at 459-60; Wardell v. City of Chicago, 2002 WL 31496215, at *2 (N.D. Ill. 2002); Falcon v. City of Chicago, 2000 WL 1231403, at *1 (N.D. Ill. 2000).

In this case, this court concludes that Plaintiff has adequately shown that, because of her financial circumstances, she is unable to pay costs at the present time and is not likely to be able to pay the costs in the future. Therefore, this court concludes that Plaintiff has overcome the strong presumption in favor of awarding costs to the prevailing party. Accordingly, this court, in exercising its discretion, declines to award costs in this case. Because of this determination, this court does not need to consider Plaintiff's alternative argument that the costs sought are excessive.

IT IS THEREFORE ORDERED THAT Defendant's Bill of Costs (#44) is DENIED.

ENTERED this 21st day of July, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE